(3) that if any negligence contributed to his injuries it was that of fellow-servants.

RALPH F. POTTER, for appellant; ROBERT J. FOLONIE, of counsel.

LEE & LEE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 191*—*when evidence shows master liable for injury to servant resulting from negligent order of foreman.* In an action by a servant to recover for personal injuries sustained by being burned by hot flue dust, the evidence showing that while plaintiff was shoveling the dust from a car the defendant's foreman caused the car to be dumped by negligently issued orders to other servants to release the appliance at the bottom of the car without warning plaintiff, *held* that the court did not err in refusing to direct a verdict for defendant, that the evidence did not show that the injuries were approximately caused by the risks which he assumed or by the negligence of fellow-servants, and that a verdict for plaintiff was sustained by the evidence.

---

## B. F. McKeage, Jr. and Charles F. DaCosta, Appellees, v. Scully-Kostner Coal Company, Appellant.

### Gen. No. 18,932.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 3, 1914. *Certiorari* allowed by Supreme Court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

CHICAGO—FIRST DISTRICT—FEBRUARY, 1914.    123

McKeage et al. v. Scully-Kostner Coal Co., 185 Ill. App. 122.

## Statement of the Case.

Action by B. F. McKeage, Jr. and Charles F. Da Costa against Scully-Kostner Coal Company to recover damages for breach of a written contract entered into between plaintiffs and the defendant with reference to the assignment of a judgment. From a judgment in favor of plaintiffs for $1,263.39 entered upon a directed verdict, defendant appeals.

JONES, BRYANT, KERNER, RING & POSVIC, for appellant.

ADAMS, BOBB & ADAMS, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. ACTION, § 35*—*form of.* An action is not for money had and received but an action founded on a breach of a written contract, where the statement of claim after alleging and setting forth the contract alleges the facts constituting the breach and that plaintiff had been damaged thereby.

2. CONTRACT, § 36*—*when no variance as to parties.* The fact that one of the parties suing on a written contract did not actually sign the contract does not constitute a variance between the statement of claim and the proof, where he accepted the contract and did all he was required to do thereunder.

3. CONTRACTS, § 53*—*when signature unnecessary.* Though one of the parties mentioned in the contract as the party of the second part did not sign the contract he is a party thereto and bound thereby if he accepted it and did everything that he was required to do under it.

4. CONTRACT, § 386*—*when defense of want of consideration not sustained by the evidence.* In an action for breach of a contract for the assignment of a judgment wherein defendant had agreed to assign to plaintiff a judgment it had recovered against a certain company of which the plaintiffs were officers, in consideration that the plaintiffs would pay a certain sum in cash and give notes for the balance of the price agreed upon, and had further agreed that in case bankruptcy proceedings were started against the company

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

within sixty days from the date of signing the contract it would refund the amount paid and deliver up the notes on reassignment to him of the judgment by plaintiffs, *held* that the defense that there was no consideration for the agreement to return the money and notes for the reason that the company and one of the plaintiffs were one and the same, and therefore the company was paying its debt, was not sustained by the evidence.

---

## Coleman Gannon, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 18,943. . (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 3, 1914.

### Statement of the Case.

Action by Coleman Gannon against the Chicago Railways Company to recover for personal injuries sustained by plaintiff and alleged to have been caused by the negligence of defendant in suddenly starting its car while plaintiff was attempting to board the same. Defendant pleaded the general issue, and claimed on the trial that it had no knowledge of the accident at the time it occurred and had no notice that plaintiff tendered himself as a passenger, and that the plaintiff was injured through his own fault in attempting to board a moving car. From a judgment in favor of plaintiff for five hundred dollars, defendant appeals.

CHARLES L. MAHONY and WILLIAM H. SYMMES, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

J. W. SUTTON, for appellee; MARTIN L. WILBORN, of counsel.