ALBRIGHT, Appellant, vs. STEGEMAN MOTOR CAR COM-
PANY, Respondent.

*February 4—March 4, 1919.*

*Contracts: When parties become bound: Acceptance of order:*
*Waiver of countersignature: Delays in filling order: Waiver:*
*Bailments: Deposits for safe-keeping: Offset against debts.*

1. Parties may become bound by the terms of a written contract
   even though they do not sign it, where their intention to be-
   come bound is otherwise indicated.
2. In a written order by plaintiff for a motor truck, to be manu-
   factured by defendant company, a provision that in order to
   constitute a valid contract the order must be countersigned
   by an officer of defendant was waived, and the acceptance of
   the order sufficiently shown, by defendant's retention of a
   down payment and by the facts that defendant started work
   on the truck to the knowledge of plaintiff, who himself
   worked on it as an employee in defendant's factory, that delay
   in its completion was the subject of frequent complaint and
   discussion, and that plaintiff took the truck out on trial trips.
   *Consolidated W. P. Co. v. Nash,* 109 Wis. 490, distinguished.
3. The defendant in such case, having become bound by the con-
   tract, acquired the right to enforce it against the plaintiff.
4. Even if time was of the essence of a contract for the building
   of a truck to be delivered to plaintiff on or about April 1st,
   that feature was waived by plaintiff serving notices requiring
   delivery by certain later dates, and by his agreement on May
   7th that if delivery was made by May 12th he would be satis-
   fied. He could not rescind such last-mentioned agreement on
   May 10th.
5. In an action to recover moneys which plaintiff had deposited
   with defendant not as payments on the truck but for safe-
   keeping only, it being found that the amount thereof was due
   to defendant on the purchase price of the truck, it was proper
   for the trial court so to apply it and end the controversy.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The respondent is a manufacturer of motor cars and
trucks at Milwaukee. On the 26th day of February, 1917,
appellant ordered, in writing, from the respondent a motor
truck, to be built according to specifications, and agreed to

pay therefor the sum of $4,500. The order contained this clause: "This proposal, if accepted, constitutes a contract, subject to the approval of the *Stegeman Motor Car Company*, at its offices in Milwaukee, and must be countersigned by an officer of the company to be valid and in force." The proposal was never so countersigned. Appellant, however, paid $450 at or about the time of signing of the order, which sum was accepted by the company. The company entered upon the building of the truck, and plaintiff and appellant, shortly after the giving of the order, secured employment in the factory of the company, and a great portion of his time was spent in work upon the truck which he had ordered. The order required the truck to be delivered on or about April 1st. It was not completed April 1st nor for some time thereafter. On the 7th day of April appellant served written notice on the company that unless the truck was completed and delivered on the 25th day of April the order would be canceled. On the 11th day of April he served upon the company another notice that unless the truck was delivered, complete, April 30th the order would be canceled. On the 7th day of May the truck had not been completed nor delivered. On that day a controversy took place between appellant and officers of the *Motor Car Company* because of the nondelivery of the truck, which resulted, according to respondent's testimony, in an agreement on the part of appellant that if the truck should be delivered on the 12th of May, in lead paint, he would be satisfied. He was at that time working in the factory and continued to work therein until the 10th day of May, when he left. At the same time he notified the company of his cancellation of the order for the truck. The company refused to accept or honor the cancellation and, having completed the truck on the 12th day of May, as per the claimed agreement on the 7th, held plaintiff for the purchase price thereof.

According to the terms of the written order $2,100 was to be paid at the time of delivery of the truck. On the 14th

day of March, 1917, appellant, having $500 which he did not want to retain in his possession, deposited the same with the *Stegeman Motor Car Company* and took its receipt therefor, and on the same date deposited in like manner $1,150 more. Upon cancellation of the order for the truck appellant demanded of the company the $1,650 so deposited, claiming that it held the same as bailee. The company refused to pay back the money, claiming that it had been paid to apply upon the purchase price of the truck.

Appellant thereupon commenced an action in the civil court of Milwaukee county to recover the $1,650 so deposited. The question litigated was whether the company held the money as bailee and was guilty of a conversion thereof by its refusal to return the same upon demand, or whether it had been paid by appellant to apply upon the purchase price of the truck.

The case was tried by the court without a jury. The court found that the plaintiff placed said sum of $1,650 with the defendant for safe-keeping and that the defendant without the consent of the plaintiff converted the same to its own use; but that the *Motor Car Company* was entitled to have said sum offset against the amount then due it from appellant by reason of the completion of the truck, and rendered judgment dismissing plaintiff's complaint. From this judgment plaintiff appealed to the circuit court for Milwaukee county, where the judgment was affirmed, and from the judgment of the circuit court affirming the judgment of the civil court plaintiff brings this appeal.

For the appellant there was a brief by *Gugel & Kline* of Milwaukee, and oral argument by *F. H. Gugel.*

For the respondent there was a brief by *N. L. Baker & W. J. Zimmers* of Milwaukee, and oral argument by *Mr. Baker.*

OWEN, J. Appellant contends that the judgment of the civil court should have been reversed because there never

was a valid contract for the manufacture and sale of the truck, for the reason that the written order therefor was never countersigned by an officer of the company as required by its express terms. It is quite fundamental that parties may become bound by the terms of a contract even though they do not sign it, where their intention to do so is otherwise indicated. Manifestly the provision requiring the order in question to be countersigned by an officer of the company was inserted for the benefit of the company, and to prevent its liability thereon until ratified by some one occupying a position of responsibility with the company. If a contracting party may be bound on a contract by acts evidencing an intent to that end, we see no reason why the provision here under consideration could not be waived, nor why the company could not by its acts accept the order, or become estopped to deny its binding force. If the company became bound upon the contract so that it could not resist its enforcement by appellant, it acquired the right to enforce it against appellant.

Conceding that the order was never countersigned by an officer of the company as required by its terms, the inquiry is whether the company otherwise became bound thereon. It is undisputed that shortly after the date of the order the company started work on the truck to be delivered in fulfilment thereof; that appellant was cognizant of the fact; that he secured work in the factory in order that he might work on "his" truck and become familiar with its construction; that delay in its completion was the subject of frequent complaint and discussion, and that he even had the truck out on trial trips. If this is not sufficient to indicate an acceptance of the order by the company, the receipt and retention by it of $450 down payment is certainly sufficient to estop it from denying its acceptance of the order. *Hoyt v. Schillo M. S. Co.* 185 Ill. App. 628; *McKeage v. Scully-Kostner C. Co.* 185 Ill. App. 122; *Edwards v. Gildemeister,* 61 Kan. 141, 59 Pac. 259; *Babbit v. Central L. Ins. Co.* 93 Kan. 564, 144 Pac. 837.

Appellant relies upon *Consolidated W. P. Co. v. Nash,*
109 Wis. 490, 85 N. W. 485, in support of the contention
that the contract never became effective. There the contract
provided that it should not be binding upon any or either of
the parties until signed by certain persons and corporations.
Before it was so signed, and consequently before it became
operative as to any, one of the signers withdrew. The court
held that until the agreement was signed by all contem-
plated by its terms it was an incomplete instrument; that
no one who had signed it was irrevocably committed to his
decision to become a party thereto and was at liberty to
change his mind and withdraw therefrom. *Hodge v. Smith,*
130 Wis. 326, 110 N. W. 192, is much to the same effect.
The situation presented in the water-power case is neither
the same nor similar to the situation here. It was not sug-
gested in that case that the parties failing to sign had become
bound by the terms of the contract in any other manner than
by signing. Had their conduct with reference to the con-
tract indicated their intention to be bound by it, or been such
as to estop them from denying their liability under it, it
would have a more direct bearing upon the question consid-
ered here. But, for the reason stated, it furnishes no au-
thority for appellant's contention.

Appellant further contends that he is not liable for the
value of the truck because time was of the essence of the
contract; that the truck was to be delivered April 1st; that
it was not completed or delivered on May 10th, on which
date he rescinded the contract; and that, instead of being
liable for the purchase price, he was entitled to recover back
what he had paid thereon. Granting that time was of the
essence of the contract, this feature was waived by his no-
tice of April 4th requiring delivery on April 25th; by his
notice of April 11th requiring delivery April 30th; and by
his agreement of May 7th that if the truck were delivered
to him in lead paint on May 12th he would be satisfied.
Having agreed on May 7th that he would be satisfied with

a delivery on May 12th, he could not rescind on May 10th. *Phillips v. Carver,* 99 Wis. 561 (75 N. W. 432), at p. 575.

The court found that the truck was completed May 12th. Under the terms of the contract $1,650 of the purchase price thereupon became due. While the court found that the $1,650 had been deposited with the company for safe-keeping and that the company had converted the same, it also found that $1,650 was due the company from the appellant to apply on the purchase price of the truck. Under such circumstances it was the duty of the court to offset the one against the other and end the controversy. Secs. 2610, 2836*b*, Stats. In rendering judgment dismissing the complaint effect was given to the legislative as well as judicial policy of this state that litigation should be ended and not protracted.

*By the Court.*—Judgment affirmed.