## Harry and Louis Shrader v. Porter, et al.

(Decided October 6, 1925.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Appeal and Error—Chancellor's Finding on Credibility of Witnesses will Not be Disturbed.—Ordinarily, Supreme Court will not disturb chancellor's finding on credibility of witnesses.

2. Sales—Plaintiff Cannot have Specific Performance on Accepted Offer, with Oral Condition that Offer Must be Approved by Other Parties Interested.—Where defendant had accepted an offer of sale

in writing, with oral condition that it would not be effective until accepted by other parties interested in property, plaintiff's agent having knowledge of this interest, plaintiff cannot have specific performance when other parties refuse to accept.

3.  Contracts—Paper Signed on Condition that it will Not be Binding Until Signed by Another is Not Valid, Even Though in Hands of Agent.—A paper which is signed on the condition that it is not to be binding until another person signs it is not valid, although placed in hands of agent.

4.  Principal and Agent—Knowledge of Agent that Approval of Third Parties Must be Secured Before Sale can be Made on Accepted Offer by Defendant is Knowledge Also of Principal.—Where agent of plaintiffs knew that third parties were interested in property on which defendant had accepted offer of sale, and that sale would not be effected until their approval, plaintiffs also are charged with knowledge of such facts.

BEN F. WASHER and NATHAN I. KAHN for appellants.

ALLEN P. DODD, O'REAR, FOWLER & WALLACE, EDWARD C. O'REAR and W. L. WALLACE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

In March, 1919, J. M. McFarland and wife conveyed to J. W. Porter a lot on Broadway in Louisville in consideration that he would pay them a hundred dollars a month as long as either lived; keep the improvements on the property insured in a solvent insurance company during their lives or the life of either of them and pay all taxes against the property. In August, 1919, Porter and wife conveyed the property to the Baptist Book Concern, it assuming the obligations assumed by Porter in his deed from McFarland. After this they wished to sell the property and put it in the hands of J. D. Wright & Company, real estate agents, for sale. C. C. Hieatt, who was also a real estate agent, induced Harry and Louis Shrader to become interested in the property and made an offer for it in writing on January 4, 1921. This written offer was accepted as follows: "Accepted, J. W. Porter, president Baptist Book Concern." The acceptance was not carried out and on June 16, 1921, this action was brought by the Shraders against Porter and the Baptist Book Concern for a specific execution of the contract, or if that could not be had, for damages for its nonperformance. During the progress of the action in March, 1923, the Baptist Book Concern reconveyed the property

to J. W. Porter, he assuming the obligations created by the deed from McFarland to him, and this fact was set up in a supplemental petition. The defendants by answer alleged that, when Porter signed the acceptance on the proposition, it was upon the distinct understanding that the acceptance was not to be valid until McFarland and wife had also signed the paper. McFarland and wife refused to sign the paper and for this reason the contract never became final. Proof was taken. The circuit court on all the evidence dismissed the petition. The plaintiffs appeal.

The evidence leaves no doubt that when Hieatt presented the paper to Porter the condition of the title to the property was clearly and fully explained to Hieatt by Porter, and Porter testifies that he signed the paper upon the distinct understanding that it was not to be binding on him unless signed by McFarland and wife. Hieatt denies this, but the evidence as a whole satisfies the court that he understod how the title stood and that this was then fully explained to him. This fact strongly confirms the testimony of Porter. For he would have continued liable to McFarland and wife under the terms of the deed they had made to him unless they signed the paper, and it is clear from all the evidence that his purpose was to get out of the transaction. The evidence is also clear that he tried to get McFarland and wife to sign the paper or join in the deed and that they refused to do so, without any fault on his part.

It is earnestly insisted that properly construed the evidence only shows that it was agreed that McFarland and wife were to sign the deed and if they refused to sign the deed there was to be no trade. It is insisted that there was no plea of fraud or mistake in the writing and that the fact that McFarland and wife refused to sign the deed is not a defense to the suit on the acceptance. But this would be to deny Porter's testimony its full effect. It is a settled rule of this court ordinarily not to disturb the chancellor's finding on the credibility of the witnesses, for he is on the ground and understands better local conditions than this court. He has more or less personal knowledge of the witnesses. Under all the facts the court concludes that the judgment is in accord with the merits of the case. The rule is that a paper which is signed on the condition that it is not to be binding until another person signs it is not valid although placed in the hands of the agent. J. I. Case Threshing Machine

Co. v. Barnes, &c., 133 Ky. 321. Although the Shraders knew nothing of this condition Hieatt, who conducted the transaction for them, knew all the facts, and his knowledge was the knowledge of those whom he then and there represented. The Shraders were not present when Hieatt presented the paper to Porter. Pickerell v. Wilson, 198 Ky. 20.

Judgment affirmed.