## VENTERS v. STEWART.

Court of Appeals of Kentucky.

Oct. 9, 1953.

Hobson & Scott, Pikeville, for appellant.

Stratton & Stratton, Pikeville, for appellee.

STEWART, Justice.

This is a suit by Fred A. Stewart, doing business as "Eagle Home Insulation Company" at Ashland, to recover the contract price of $1,383.72 from W. E. Venters of Pikeville which the latter undertook to pay for certain aluminum storm doors and windows Stewart agreed to buy and install in Venters' home.

The pertinent facts are uncontradicted and are as follows: On November 30, 1951, Venters placed an order with Stewart's salesman, Justice, for the foregoing merchandise. The order contained the following stipulation under the heading "Conditions of Contract":

"This contract is not binding on the Eagle Home Insulation Co., until accepted by signature of Branch or District Manager. It shall then be a binding contract as to all parties, and is not, thereafter, subject to cancellation."

The order was signed by Venters and, on the night of that same day, it was presented by the salesman to Stewart, who happened to be in Pikeville. Stewart, after investigating Venters' credit standing and finding it satisfactory, forwarded the order to the factory without his signature, but no notice was given to Venters that the contract had been approved. The factory began fabricating the doors and windows on December 2, 1951, and the merchandise was scheduled for shipment three weeks later.

No further communication was had between the parties until December 13, 1951, on which day Venters called Stewart and notified him over the telephone he wished to cancel the order, giving no reason for his action. A letter of revocation was mailed by Venters the same date and received by Stewart the next day. Stewart informed Venters during the conversation that the order could not be cancelled since, according to him, "it had gone too far at the factory." On the following day he mailed Venters a letter to the same effect. Later, the doors and windows were placed in the basement of Venters' home. This was done by Stewart without Venters' knowledge or permission.

At the close of all the evidence, both parties moved for a directed verdict, which motions the court overruled. The case was then submitted to the jury, which found for Stewart in the sum of $1,283.72. Venters has moved for an appeal and seeks a reversal of the judgment entered on the ground that the facts developed in the case warranted a peremptory instruction in his favor.

The main and only necessary question for us to determine is whether the acts of appellee prior to December 13th amounted to an acceptance of the offer, thereby making a revocation on that date impossible.

Appellant earnestly insists that the clause contained under the heading, "Conditions of Contract," dictates the only method by which appellee could accept his offer, and, since the order was never signed by a branch or a district manager, there was no acceptance as a matter of law. In addition, appellant argues that appellee gave him no notice at any time that the contract had been accepted with the result that no contract existed between the parties at the time appellant countermanded it. Appellee, on the other hand, maintains that the foregoing clause was for his benefit only and that it could be waived by him. Thus, he concludes that by placing the storm doors and windows in process of manufacture he thereby accepted the offer and it could not thereafter be revoked.

It is undisputed that the order taken by appellee's salesman, Justice, and signed by appellant amounted to nothing more than an offer by the latter to purchase and as such could not be binding on either party until accepted by appellee. See Nolin Milling Co. v. White Grocery Co., 168 Ky. 417, 182 S.W. 191, and the cases cited therein.

By the express language of the order blank appellee could not become bound un-

til the condition quoted above had been complied with, namely, the fixing of his signature to the order blank, and this method of acceptance reserved by him for his protection was not adhered to. Instead, he relies upon the fact that the action taken in beginning the manufacture of the doors and windows closed the contract, even though knowledge of this event was not brought home to appellant. We do not believe this contention is tenable.

An acceptance must be unequivocal in order to create a contract. An offeror is entitled to know in clear and positive terms whether the offeree has accepted his proposal. It is not enough that there are words or acts which imply a probable acceptance. Generally speaking, an acceptance must comply exactly with the requirements of the offer, omitting nothing from the promise or the performance requested. See Restatement of the Law of Contracts, Sections 58 and 59, pages 65 and 66. Insofar as we have been able to determine, neither this Court nor any other has ever held, in a case similar to the one under consideration, that the acceptance of an order may be made merely by putting the goods in the process of manufacture. At the very least, the knowledge of what has been done should be communicated to the offeror. See Shaenfield v. Hall Safe & Fixture Co., Tex.Civ.App., 157 S.W. 462; Albright v. Stegeman Motor-Car Co., 168 Wis. 557, 170 N.W. 951, 19 A.L.R. 463.

We conclude that the attempt on the part of appellee to accept the order in a manner different from that agreed to did not result in binding appellant in the absence of a meeting of the minds on this altered type of acceptance and that, in consequence, no contract existed between the parties at the time appellant revoked the order.

Another fact in this case that we do not think can be successfully contradicted and which we believe is fatal to the right of appellee to recover is that on the date appellant rejected the order, appellee could have done likewise, because no act of the latter up to that time can be construed as an acceptance of the order. In L. A. Becker Co. v. Alvey, Ky., 86 S.W. 974, 976, we said: "Reciprocity of obligation is, however, essential to the validity of a contract, and it is a general rule that, in order to be binding upon or enforceable by one party, it must be so as to both." The element of mutuality is entirely lacking in the case at bar.

KRS 361.630 and 361.640, which are provisions of the Uniform Sales Act, urged by appellee as governing the facts herein, can scarcely have any bearing on this case, since the language used in each presupposes a contract and we have determined that a contract never came into existence. We have also reviewed the cases from other jurisdictions which appellee cites to uphold his theory and we have noted in each of these decisions the fact that the ordered goods had been placed in process of manufacture was within the personal knowledge of the offeror, and such was not the case here.

Therefore it is our opinion that the trial court should, as requested by appellant, have given the peremptory instruction directing a verdict for him.

Wherefore, the motion for an appeal is sustained and the judgment is reversed for further proceedings consistent with this opinion.