**O'DANIEL MOTORS, INC., Appellant,**

v.

**Homer L. HANDY, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1965.

As Modified on Denial of Rehearing
June 11, 1965.

James T. Carey, Farnsley, Hottell & Carey, Louisville, for appellant.

C. A. Vittitow, Jr., Louisville, for appellee.

MONTGOMERY, Judge.

The single question presented is whether a purchase order signed by the offeror

which provides that the order is not binding until accepted by the offeree constitutes a valid contract when it is not signed by the offeree even though the subject matter of the offer has been paid for and delivered.

O'Daniel Motors, Inc., appeals from a judgment by which Homer L. Handy recovered $450 in damages by counterclaim in a claim and delivery action. Motion for an appeal has been sustained. The appellee has filed no brief. Under RCA 1.260(c) (2) the judgment will be reversed if appellant's brief reasonably appears to sustain such action.

On November 10, 1962, appellee visited appellant's used car lot. Subsequently he signed a "Used Car Buyer's Order" by which he offered to purchase a 1960 Chevrolet station wagon. The order signed by appellee contained the following language in bold letters just above his signature: "THIS ORDER IS NOT BINDING UNTIL ACCEPTED BY DEALER AND APPROVED BY HIS CREDIT DEPARTMENT."

The order was never signed by appellant or anyone for it. Appropriate offer of return of appellee's check and car offered for trade-in was made by appellant and was refused by appellee before the claim and delivery action was filed.

In a similar case, Venters v. Stewart, Ky., 261 S.W.2d 444, it was held that the order taken by a salesman containing a similar provision amounted to nothing other than an offer to purchase and as such could not be binding on either party until accepted. To the same effect, see L. A. Becker Company v. Alvey, 86 S.W. 974, 27 Ky. Law Rep. 832; Nolin Milling Co. v. White Grocery Co., 168 Ky. 417, 182 S.W. 191; Shrader v. Porter, 210 Ky. 429, 276 S.W. 115; 77 C.J.S. Sales § 28 b, pages 639–640; and 17 C.J.S. Contracts § 62, pages 731–737. The order signed by appellee was not bind-

ing until accepted by appellant in accordance with its terms.

Judgment reversed with direction to enter judgment for appellant on the counter claim.