COMPUTER CONSULTING &
NETWORK DESIGN,
INC., Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,
Defendant.

Civil Action No. 3:00CV–238–S.

United States District Court,
W.D. Kentucky,
at Louisville.

Jan. 2, 2002.

Harry L. Mathison, Jr., King, Deep & Branaman, Henderson, KY, Mark C. Webster, Segal & Shanks, Louisville, KY, for Plaintiff.

Robert Kenyon Meyer, Dinsmore & Shohl, Louisville, KY, Barbara B. Edelman, Dinsmore & Shohl, Lexington, KY, for Defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the court on the motion of defendant, International Business Machines Corporation ("IBM"), for summary judgment. For the reasons set forth below, the motion will be granted.

### BACKGROUND

Plaintiff, Computer Consulting & Network Design, Inc. ("CC & ND"), claims IBM breached a contract whereby CC & ND was to serve as a computer services project manager for the Anderson County School District in Lawrenceburg, Kentucky ("Anderson County"). CC & ND is owned and operated by Dennis Gomer, a former IBM employee. CC & ND helps school districts in Kentucky and Tennessee prepare and submit government grant applications for installing computer networks. If grant money is received, IBM typically serves as the prime contractor and CC & ND seeks, but is not guaranteed, work as a subcontractor. As CC & ND is not an IBM-approved subcontractor, it must submit proposals through Manpower Technical, which is an approved subcontractor.

In 1998, CC & ND assisted Anderson County in obtaining a government grant. IBM was listed as a prospective prime contractor on the grant application and as such was required to submit a proposal to Anderson County that included subcontractor pricing. On November 24, 1999 CC & ND submitted a subcontractor proposal to IBM through Manpower Technical for the Anderson County project. The proposal defined the scope of work to be done by CC & ND, listed assumptions and consequences for the project, quoted a total fixed price, and identified line item costs.

A series of electronic mail messages between Gomer and Terry Eaves, IBM's

Principal Consultant, followed. On November 24, 1999 Eaves replied to Gomer's proposal by stating that several items were unacceptable. He also stated "I have committed to you that you will be Project Manager at Anderson County." (Def.Mot.Summ. J. Exh. E). He ended the message by requesting that Gomer resubmit the proposal.

On November 26 Gomer replied and expressed appreciation for Eaves' willingness to "negotiate" with him. *Id.* He stated he would remove the unacceptable items in exchange for certain assurances from IBM.

On November 29 Eaves sent a message again requesting that Gomer remove the unacceptable items. He also requested additional changes. Eaves reiterated "[y]ou have my commitment and support in being the project manager for the Anderson County Project." *Id.* He closed by reminding Gomer that he needed to resubmit his proposal through Manpower Technical.

CC & ND argues that a contract existed at this point. It contends the proposal constituted an offer to act as project manager that was accepted by Eaves' November 29 message. Further, Gomer testified that as of November 29 "we had a done deal" and no further negotiations were needed. (Gomer Dep. at 126). However, on December 13 Gomer sent another message to Eaves stating the project appeared to be "in a state of flux" and they would "mov[e] forward" when Eaves got some "solid framework for [the] project." *Id.* He also referred to his "proposal" several times and requested additional information regarding the project. *Id.*

On December 26, almost one month after CC & ND claims it entered into a contract with IBM, Gomer submitted another "proposal" through Manpower Technical. The second proposal retained one of the unacceptable items he told Eaves he would remove. It also stated "[t]his offer is valid until December 31, 1999." (Def.Mot.Summ. J. Exh. F).

IBM submitted its proposal to Anderson County on January 3, 2000. It included the price of CC & ND's proposal to Manpower Technical. Anderson County refused IBM's proposal because it exceeded their grant amount. Anderson County met with Gomer and asked that CC & ND's proposal amount be lowered so he could serve as project manager and the project could stay within Anderson County's budget. He refused and IBM resubmitted their proposal excluding CC & ND and other subcontractors. Anderson County accepted this proposal. Consequently, CC & ND filed this action.

## DISCUSSION

In order to support a motion for summary judgment, a moving party must prove the absence of a genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding a summary judgment motion, a judge's role is not to weigh the evidence or determine its truth, but to determine if a genuine question of fact exists. *Id.* at 249, 106 S.Ct. 2505. In making these determinations, the court is to view all facts and inferences in a light most favorable to the nonmoving party. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941 (6th Cir.1990).

IBM argues a contract was never formed because it did not accept CC & ND's offer. CC & ND first contends the issue is not properly decided at the sum-

mary judgment stage because "[t]he question of the existence of a contract is a question of fact for the jury to answer." *Audiovox Corp. v. Moody,* 737 S.W.2d 468, 471 (Ky.Ct.App.1987). However, "[t]he construction as well as the meaning and legal effect of a written instrument ... is a matter of law for the court." *Hibbitts v. Cumberland Valley Nat'l Bank & Trust Co.,* 977 S.W.2d 252, 254 (Ky.Ct.App.1998)(quoting *Morganfield Nat'l Bank v. Damien Elder & Sons,* 836 S.W.2d 893, 895 (Ky.1992))(citing *Equitable Life Assur. Soc'y of the United States v. Wells,* 101 F.2d 608 (6th Cir.1939)). It is therefore proper for this court to decide whether the writings involved could be constructed to form contract. *See Cook United, Inc. v. Waits,* 512 S.W.2d 493, 495 (Ky.1974). We find they could not reasonably be so constructed.

■ First, IBM never accepted CC & ND's proposal. CC & ND claims Eaves' November 29 expression of his "commitment" to CC & ND serving as project manager constitutes an acceptance. However, "[a]n acceptance must be unequivocal in order to create a contract.... It is not enough that there are words or acts which imply a probable acceptance." *Venters v. Stewart,* 261 S.W.2d 444, 446 (Ky.1953). Eaves' November 29 message requested that Gomer remove several items from his proposal and add or clarify others. The message also reminded Gomer that he needed to re-submit his proposal through Manpower Technical. Clearly this does not indicate an unequivocal acceptance, but merely a willingness to negotiate.

■ Second, even if Eaves' message could be construed as an acceptance, a contract "must specify all material and essential terms and leave nothing to be agreed upon as a result of future negotiations." *Walker v. Keith,* 382 S.W.2d 198, 201 (Ky.1964)(quoting *Johnson v. Lowery,* 270 S.W.2d 943, 946 (Ky.1954)). Gomer

sent a message to Eaves on December 10 requesting further information on project dates, contractors, and purchase order delivery. He sent another message on December 13 indicating the project was "in a state of flux." He also testified he was still making changes to his proposal as of that date. (Gomer Dep. at 169). It therefore cannot be said that all material terms were agreed upon as of the alleged November 29 contract date.

Additionally, Gomer sent a letter to Manpower Technical on December 26 outlining what he referred to as his "proposal." The letter also stated "[t]his offer is valid until December 31, 1999" and specified the payment terms "[i]f this contract and price is [sic] acceptable." This letter clearly contradicts plaintiff's assertion that a final agreement was reached as of November 29.

■ Third, even if the communications between the parties could be construed as a contract, the contract was unenforceable because a required condition precedent never occurred. In order for IBM's duty under its alleged contract with CC & ND to arise, Anderson County had to accept the IBM bid that included CC & ND as project manager. This did not occur because the bid including CC & ND was not within Anderson County's budget. In fact, CC & ND refused to reduce its stated price so it could remain part of the project. CC & ND argues IBM conspired to "engineer [ ] the decision of the School Board to go with a proposal that excluded the plaintiff" by "tack[ing] on a 4% markup on the plaintiff's fees." (Pltf. Mem. Opp. Summ. J. at 9). However, this argument is unpersuasive as it is not supported by any factual basis in the record.

## CONCLUSION

For the reasons set forth above, IBM's motion for summary judgment will be

granted and CC & ND's breach of contract claim will be dismissed. A separate order will be entered herein this date in accordance with this opinion.