Francis X. Conlon, J.
This is an application by the New York City Transit Authority to adjudge Frank A. Zelano, executive secretary of Motormen’s Benevolent Association, Inc., guilty of contempt of court and to punish him therefor. The contempt charged is based upon Zelano’s alleged activities in connection with the pending subway strike, which are claimed to violate an order of Mr. Justice Lupiano, dated July 27, 1956. Zelano makes a cross motion for a jury trial of the contempt charge.
Zelano’s claim that he has a statutory right to a jury trial is based upon the provisions of section 753-a of the Judiciary Law and section 882-a of the Civil Practice Act. These sections do confer a right to a jury trial where the alleged contempt arises out of a “ labor dispute ”, as defined therein. There is, however, no “ labor dispute ”, within the meaning of the sections above referred to, because the controversy is between public employees and their government. In granting the injunction order upon which the present contempt charge is based, Mr. Justice Lupiano held that the provisions of section 876-a of the Civil Practice Act, imposing certain requirements where injunctive relief is sought in a “ labor dispute ” are not applicable to “ these public employees ” (New York City Tr. Auth. v. Loos, *493 2 Misc 2d 733, 742). The order was affirmed by the Appellate Division, which overruled the claim that a “ labor dispute ” was involved (3 A D 2d 740). The reasoning of Mr. Justice Ltjpiano is equally applicable to section 753-a of the Judiciary Law and section 882-a of the Civil Practice Act. The cross motion for a jury trial is, accordingly, denied.
There remains for consideration the question whether the proof offered by the Transit Authority establishes that Zelano violated the provisions of Mr. Justice Ltjpiano’s order. That order enjoined and restrained Zelano and others “from instigating, promoting, or carrying on a strike or other work stoppage of employees of the plaintiff * * * or engaging in any action of a similar nature or * * * attempting or directing the taking of any action which might cause any employee of the plaintiff * * # to discontinue working for the plaintiff ”. The Transit Authority has adduced evidence that on December 8, 1957 Zelano, after a meeting of the members of the Motormen’s Benevolent Association, Inc., had been called to order by its president, Theodore Loos, took over the chairmanship of the meeting; that he announced that the officers of the organization would be ‘ bound by any decision that the organization might make ’ ’; that he stated that there were three causes of action available to the members: (1) to boycott a planned labor election to be held on December 16, (2) to combine with other organizations of craft employees and participate in said election, and (3) a course of action which “ should be obvious ”. The Authority’s evidence established further, that the first two causes were voted upon and were rejected, after which Zelano stated that the board of directors had adopted a resolution that if a one unit election was forced upon them the association would take militant action against the Transit Authority; that Zelano then placed the resolution before the membership for its vote, saying ‘ ‘ This is serious, and in all seriousness I ask you gentlemen what is your pleasure ’ ’; that a vote was taken and the resolution adopted, about two thirds of the members present voting for its adoption. According to the evidence submitted by the Authority, Loos then came forward and entertained a motion as to what time a strike should be called. Admittedly, Zelano did not participate in the vote upon the resolution, and told the members that he would take no part in the decision and that “ they could do just what they wanted to do ”. In the court’s opinion, this evidence fails to establish that Zelano, at the meeting of December 8, 1957, committed any violation of the injunction order issued by Mr. Justice Lupiano. His presiding over a meeting at which several propositions were voted upon, only *494 one of which could result in a strike, if adopted, without participating in the voting or attempting to influence the vote, is insufficient to constitute “ instigating, promoting, or carrying on a strike ” or “ attempting or directing the taking of any action ’ ’ which might cause any employee to discontinue working for the plaintiff. The quoted language of Mr. Justice Ltjpiano’s order cannot reasonably and fairly be interpreted as including Zelano’s activities at the meeting of December 8, as established by the evidence. In order to establish a contempt of court, which is punishable by a jail sentence, the evidence of a violation of the court’s mandate must be clear and convincing. If the mandate does not clearly prohibit the action claimed to constitute a contempt, the motion to punish as for a contempt must he denied.
At the time the meeting was held, Zelano had just begun a vacation granted by the Authority, which is still in force. His failure to report to work since the strike was called is, therefore, obviously not a participation in the strike.
The Transit Authority has also offered evidence as to statements made by Zelano in television broadcasts and in a newspaper interview which, it is claimed, constitute violations of the order of Mr. Justice Lupiano. The evidence submitted shows at most that Zelano expressed sympathy for the plight of the motormen, that he stated that the motormen’s union had been assured that others would join the strike; that he said that the motormen “ are in the mood to defy the injunction and that he also said that preparations had been made by the union * ‘ for any eventualities ’ ’, including a strike. The statements attributed to Zelano in the broadcasts and interview do not indicate in the slightest that he favored a strike vote or that he encouraged any of the members to vote for a strike or to participate in a strike. They fall far short of constituting instigation, promotion or carrying on of a strike, or attempting or directing the taking of action which might cause any employee to stop working for the plaintiff. They are, therefore, not a violation of the injunction order of Mr. Justice Lupxaíto.
No evidence has been submitted, other than that above referred to, to indicate that Zelano, at any time, before or after the strike, did anything to encourage or influence the members to strike or that he in any way, did anything affirmative which could constitute a violation of the injunction order.
The motion to adjudge Zelano in contempt is, accordingly, denied.