Joseph Jiudice, J.
This is a motion by the defendants brought on by order to show cause in which they seek to vacate an order of seizure issued by this court by which a tractor was seized by the Sheriff of this county from the defendants’ possession.
It appears from the facts before the court the defendants entered into a retail installment contract for the purchase of the tractor in question. There was a subsequent default by the defendants in payments due under the contract. Even though it appears that a partial payment was made to the plaintiff after signing the order of seizure, this factor does not absolve the defendants from default since by the terms of the contract the entire balance became due without notice or demand.
The principal issue before this court is whether the procedures instituted ex parte by the plaintiff pursuant to CPLR 7102 violated the due process requirements of the Fourteenth Amendment of the United States Constitution. The issue of prejudgment seizure based upon an ex parte application and, in particular, the due process requirements applicable thereto, have been explored in depth both by the Appellate Division of this department and the United States Supreme Court.
In 1970, the Federal court in the case of Laprease v Raymours Furniture Co. (315 F Supp 716), declared unconstitutional CPLR article 71 as it then existed. The present statute, however, was amended after the Laprease case so as to conform to the constitutional requirements therein set forth. The present statute substituted, in place of the former requisition, a court order as a prerequisite to seizure of a chattel.
*841 In Mitchell v Grant Co. (416 US 600), the court sustained a writ of sequestration which was obtained without notice to the defendant. In the Mitchell case, however, there was a court order and thé court therein held that due process requirements were met.
Although Mitchell indicates that notice need not be given before a chattel is seized as long as a court has signed an order, it would appear that the Appellate Division, Second Department, requires some form of prenotice seizure in most replevin cases (Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d 118).
The court in this case seemed to indicate that an ordinary motion on notice, accompanied by affidavits, would sufficiently apprise a defendant of a party’s intention to seize a chattel. While the court rejected the claim that testimony had to be taken in open court, it held that a defendant who has been given an opportunity to argue pursuant to the notice of motion has been afforded due process.
On the other hand, however, the same court, on June 9, 1975, held that an ex parte order of attachment pursuant to CPLR 6201 was not unconstitutional for failure to afford a defendant notice and an opportunity for a hearing prior to seizure of the property in question (AMF Inc. v Algo Distrs., 48 AD2d 352). In that opinion, the court appeared to be relying upon the pronouncement in Mitchell v Grant Co. (416 US 600, supra).
It appears to this court that there is an inconsistency between the decisions rendered by the Appellate Division, Second Department, in the Long Is. Trust Co. case and the AMF case. In this court’s opinion, there should be no difference between the procedures used in the application for any provisional remedy. Attachment pursuant to CPLR article 62 and replevin pursuant to CPLR article 71 are both prejudgment seizure proceedings, and they are both provisional remedies. Why a distinction between the two insofar as constitutional due process requirements are concerned? This court is of the opinion there should be no distinction.
To require an application for an order involving any provisional remedy, including replevin, to be on notice to the debtor or prospective defendant would seem to defeat the purpose of a provisional remedy.
There are many cases where the law must provide immedi *842 ate relief in advance of the final determination of the controversy between the parties, so that when a final judgment is ultimately obtained, it will not, as a practical matter, be a nullity.
If notice is required upon an application for an order of seizure, attachment or any other provisional remedy, it would appear that in many instances, such notice would be an open invitation to the debtor or prospective defendant to take steps to accomplish exactly those acts which provisional remedies are intended to prevent.
In this court’s opinion, constitutional requirements are satisfied without any notice being required, as long as a court order results from proper compliance with the statutory requirements concerning provisional remedies (AMF Inc. v Algo Distrs., 48 AD2d 352, supra).
The record in this case indicates the papers and documents submitted on this application for an order of seizure complied fully with the requirements of CPLR article 71.
In addition, the plaintiff in this case had a clear right to proceed under CPLR article 71 notwithstanding its position as a "secured party” under the Uniform Commercial Code (Uniform Commercial Code, § 9-503; General Elec. Credit Corp. v Pistone, 68 Misc 2d 475).
Defendants’ motion to vacate the order of seizure is denied in its entirety.