■ GENERAL ELECTRIC CREDIT CORPORATION, Respondent, v MARCELLA'S APPLIANCES SALES & SERVICES, INC., Appellant.—Cross appeals from an order of the Supreme Court at Special Term, entered May 2, 1977 in Albany County, which granted plaintiff an order of seizure.* Pursuant to the terms of an inventory financing agreement executed by the parties on November 27, 1969, plaintiff extended financing services to defendant for the operation of its retail appliance business. Among other things, this agreement provided for periodic inspections of defendant's place of business to verify that defendant's monthly remittance accurately reflected its total sales out of inventory subject to the agreement. At the time of a regular inspection on July 14, 1976, there appeared a collateral deficiency of approximately $34,000. On August 16, 1976 it had risen to about $55,000, and on August 23, 1976 it was $97,949.09. In other words, defendant had sold almost $100,000 worth of inventory subject to plaintiff's security instrument without payment to plaintiff according to its terms. After some procedural difficulties which resulted in dismissal of its original complaint, plaintiff was granted leave to replead in its action to recover chattels, issue being joined December 30, 1976. Upon plaintiff's subsequent application, an order of seizure was granted on April 29, 1977 (CPLR 7102) and this appeal ensued. It is defendant's contention that Special Term improperly granted the order of seizure after service of the amended complaint. The particularized objections are essentially procedural in nature and do not address the merits of the controversy. We perceive no useful purpose in setting them forth herein, for the record clearly reveals a breach of the terms and conditions of the

* Plaintiff's motion for an extension of time to perfect its cross appeal is granted.

inventory financing agreement by the defendant which entitled plaintiff to resort to its remedies provided by that security instrument and the Uniform Commercial Code (Uniform Commercial Code, § 9-503). Moreover, since defendant refused to surrender possession of the collateral subject to the security agreement voluntarily, plaintiff's procedure under article 71 of the CPLR was correct *(General Elec. Credit Corp. v Fred Pistone, Inc.,* 68 Misc 2d 475). On its cross appeal, plaintiff contends that the order appealed from should provide for an immediate trial so that it may establish the actual damages to which it is entitled. In other words, it seeks summary judgment in the absence of any evidentiary matter submitted by defendant that would raise a triable issue of fact. Plaintiff's contention is correct. We have examined the record and find no evidentiary material submitted on behalf of the defendant that is of such a nature as to defeat a motion for summary judgment. Accordingly, the relief plaintiff seeks should be granted (see CPLR 3212, subd [c]; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). Order modified, on the law, by granting summary judgment to plaintiff and directing an immediate trial on the issue of damages, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.