OPINION OF THE COURT
David O. Boehm, J.
This case presents the rarely raised question as to whether a replevin application grounded upon a contract for the sale and exchange of automobiles may be defeated by the defense of rescission which is based upon fraud in the inducement of the same contract.
In this application, brought pursuant to CPLR 7102 (subd [b]), plaintiff, Scutti Pontiac, Inc., seeks an order of seizure of a 1973 Chevrolet Camaro presently in the possession of defendant, James T. Rund, Jr. The plaintiff is an automobile dealer in Monroe County.
For the purposes of this motion the facts are undisputed and have been set forth in detail by both parties, thereby obviating the necessity for a factual hearing.
It appears that on November 17, 1977 the defendant signed an agreement to purchase from plaintiff a 1969 Ford Mustang for $3,995, with taxes and fees of $150.05 bringing the total purchase price to $4,170.05. Defendant gave a deposit of $25 and also received credit for $3,195 as a trade-in on his 1973 Chevrolet Camaro, leaving a balance of $950.05 due plaintiff. Although the contract expressly provides that "[t]his order is not valid unless signed and accepted by dealer”, the agreement was signed only by the salesman.
That same day, defendant signed in blank the certificate of title to his Chevrolet automobile. The "purchaser’s” name and address were not filled in on the certificate of title, nor was the date of sale or the dealer’s signature in the appropriate blanks.
Defendant initially test-drove the Ford automobile on the same day, November 17, 1977, but because of the ice and snow on the road he was unable to fully test-drive the car until the following Monday, November 21, 1977. It was at this later time, he alleges, that he first found out there were problems with the car. That day, the defendant states, he discovered that a number of very important representations made to him by the salesman were false. He returned to plaintiff’s place of business on November 22, 1977, advised plaintiff that he was *883 canceling the contract, refused to take possession of the 1969 Ford and retained possession of the 1973 Chevrolet.
Plaintiff then commenced this proceeding for an order of seizure of the 1973 Chevrolet by virtue of the November 17, 1977 contract and the certificate of title signed by the defendant on the same day. Plaintiff alleges that it has demanded possession, that defendant has refused to turn over the chattel, that such detention is wrongful, and that an order of seizure is necessary because defendant has secreted the 1973 Chevrolet in a garage, the entrance to which is blocked by another automobile.
Annexed to plaintiffs motion papers is a copy of the summons and complaint which was also served upon the defendant. In the complaint, plaintiff sets forth five causes of action, the first and fourth of which demand possession of the 1973 Chevrolet based upon the purchase order and certificate of title executed by defendant and upon the claim that the car "is a unique chattel”.
While defendant has not answered the complaint, his affidavit in opposition to this application sets forth that he canceled the contract because he was induced to enter into it by the false and fraudulent misrepresentations of plaintiffs salesman that the car was a collector’s item, that it was equipped with a special engine, that it had just been substantially rehabilitated with new brakes, a special paint job and other repairs, and that it was a limited edition "Mustang Fastback Deluxe”. He relied upon these representations in entering into the contract, he claims, but on November 21, 1977, when he had adequate time to examine the car, he discovered that the brakes were not in proper working order, that the car was not equipped with a special engine and that it was not a limited edition Mustang. Therefore, the car was not a collector’s item as represented and the fair market value of the car was only $1,000, instead of the $3,995, which the contract called for.
CPLR 7101 creates a cause of action "to try the right to possession of a chattel”. On a motion for an order of seizure the issue is the same as in the plenary action; that is, whether the plaintiff or defendant has the superior possessory right (Honeywell Information Systems v Demographic Systems, 396 F Supp 273, 275; Thornton, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 7101, p 385) and not who has title (Wilk Enterprises v J. I. B. Realty Corp., 72 Misc 2d 507; 7A Weinstein-Korn-Miller, NY Civ Prac, par 7101.03). *884 The test is that the chattel must be wrongfully held (CPLR 7102, subd [c], par 2; 12 Carmody-Wait 2d, NY Prac, Action to Recover a Chattel [Replevin], § 52.48).
The Fourth Department has held that a plaintiff is entitled to an order of seizure "pendente lite [when] the pleadings, affidavits and exhibits [are] sufficient to establish prima facie plaintiff’s superior possessory right” (Staff v Hemingway, 47 AD2d 709, 710). Accordingly, the determination here must depend on whether plaintiff has at this juncture established, prima facie, its superior possessory right pending suit. Stated conversely, the issue is whether defendant has asserted a defense which, by its very nature, would bar the plaintiff from obtaining what would ordinarily be a pro forma application. Of course, the determination of this question will not govern who prevails after a trial on the merits.
Although the mere assertion of a defense or counterclaim will not defeat the right to an order of seizure (MGD Graphic Systems v New York Press Pub. Co., 52 AD2d 815), there are defenses which, if asserted in good faith, will defeat such an application pending trial (see, e.g., Honeywell Information Systems v Demographic Systems, 396 F Supp 273, 275, supra). There is a paucity of decisions as to precisely which defenses will do so. However, one recent Southern District court case, construing CPLR article 71, is instructive.
In F.& M. Schaefer Corp. v Electronic Data Systems Corp. (430 F Supp 988) plaintiff Schaefer brought an action against defendant Electronic Data Systems Corp. (EDS) claiming breach of a 1969 contract between the parties and seeking rescission of a 1973 contract which modified and superseded the 1969 agreement. EDS counterclaimed and moved for replevin of a data processing system.
In determining the validity of EDS’ replevin motion, the court ruled that Schaefer was entitled to present any good faith defense to the claim of EDS that it had a superior possessory right to the system. The court then went on to examine the good faith validity of the three defenses interposed by Schaefer and rejected all three.
In discussing Schaefer’s third defense that the 1973 agreement should be rescinded because Schaefer had been induced to enter into it because of EDS’ fraudulent representations, the court stated (p 992): "It would appear initially that, if, arguendo, the 1973 contract were rescinded due to misrepresentations by EDS, EDS’ replevin action would fall, but on *885 further examination this is not the case. Even if the 1973 contract were rescinded, EDS would still have a valid basis for its replevin claim under the 1969 contract, since the deferred payments were due under that contract.”
There does not appear any reason in law or logic why the foregoing rule should not be applied here. Accordingly, the assertion of what appears to be good faith defense by defendant of fraud in the inducement of the contract, the underlying acts of which are not disputed, is sufficient to defeat the plaintiff’s application at this time.
In addition, the replevin of goods obtained by fraudulent representations has always been permitted in New York (see 12 Carmody-Wait 2d, NY Prac, Action to Recover a Chattel [Replevin], §§ 82.43, 82.63). Thus, the defendant would have had an action to replevy his Chevrolet had he relinquished its possession to plaintiff (see Uniform Commercial Code, § 2-716, subd [3]). Not to permit defendant to interpose the same kind of defense to defeat a replevin application would create an unnecessary and impermissible anomaly.
While the defense of fraud is sufficient to defeat plaintiff’s application, its pleadings, affidavits and exhibits reveal another basis for denial. The plaintiff has simply not set forth the requisite prima facie case for an order of seizure.
Immediately below the line for the seller’s signature, the agreement supplied by the seller on its own form contains these words: "The order is not valid unless signed and accepted by dealer.” This language is clear and unambiguous. As the Fourth Department has recently stated, courts "are required to adjudicate * * * [parties’] rights according to the unambiguous terms of the contract and therefore must give the words and phrases employed their plain meaning.” (Central New York Freightway v Deperno, 60 AD2d 750.) Furthermore, it is also a canon of contract construction that "a contract must be construed most strongly against the party who prepared it,” especially when it is a form agreement drawn to favor that party’s position (10 NY Jur, Contracts, § 223, p 138; 3 Corbin, Contracts, § 559).
Indeed, two courts which have construed language identical to the language in question have held that where the dealer or his authorized agent has not signed an agreement containing such a condition, no binding contract of sale exists between the buyer and seller (Antonucci v Stevens Dodge, 73 Misc 2d 173, 175-176; O'Daniel Motors v Handy, 390 SW2d 453 *886 [Ky]; see, also, West Penn Power Co. v Bethlehem Steel Corp., 236 Pa Super 413).
In the Antonucci case, plaintiff buyer was permitted to recover a $500 deposit paid toward the purchase of a truck, although the dealer had ordered the truck and accepted delivery from the manufacturer. Plaintiff had signed the purchase order but the dealer had not. The court held that the buyer’s "refusal to accept the truck constituted a valid revocation of his offer” where the printed form agreement prepared by the dealer expressly required that "[b]y the printed terms of the agreement only the signature [of the dealer or his authorized representative] could constitute acceptance”. (Antonucci v Stevens Dodge, 73 Misc 2d 173, 176, supra.)
In the O’Daniel Motors case the Kentucky Court of Appeals held that no contract existed even though the buyer had signed the agreement and traded in his own car and had paid for and taken delivery of the new car. The court stated "that the order taken by a salesman * * * amounted to nothing other than an offer to purchase and as such could not be binding on either party until accepted.” (O’Daniel Motors v Handy, 390 SW2d 453, 454 [Ky], supra.)
The facts in the present case are even more compelling. Not only was the contract not executed by plaintiff as expressly conditioned on its own printed form agreement, which would be. legally sufficient to deny the present application, but there are strong factual reasons as well.
The deposit of $25 is insubstantial and both parties are now in possession and use of their respective automobiles. The Chevrolet is not unique (see CPLR 7109). Although plaintiff will not be in possession of the Chevrolet pending litigation, it does not appear that plaintiff would not be adequately compensated for any pecuniary loss if it ultimately prevails, especially since the difference in value between the Chevrolet and Ford, as admitted on the face of the agreement, is only $800, plus specified costs and fees of approximately $150.
Nor does the certificate of title to the Chevrolet, either considered alone or together with the purchase agreement, support the plaintiff’s application. Although it is true that the plaintiff is in possession of the certificate, it is a certificate which defendant signed in blank only. The certificate does not contain the required information, including the purchaser’s name, his address or the date of sale in the appropriate spaces *887 as required by the Department of Motor Vehicles (15 NYCRR 20.35 [h] [i]; Vehicle and Traffic Law, § 2114). Furthermore, defendant did not tender possession of the Chevrolet when he signed the certificate of title, nor has plaintiff ever had possession of the car. Thus, at best, all that the plaintiff has by its possession of the certificate is an equitable right to seek title. "[A]n owner of a mere equitable title or interest in a chattel lacks that right of immediate possession essential to the maintenance of replevin” (12 Carmody-Wait 2d, NY Prac, Action to Recover a Chattel [Replevin], § 82.41, p 595).
Accordingly, even the plaintiff’s own papers fail to set forth a prima facie case for an order of seizure, thereby constituting an alternative ground for denying its application.
In the situation where a plaintiff is denied an order of seizure, it may, nevertheless, be entitled to "a restraining order that the chattel shall not be removed from the state if it is a vehicle * * * from its location, transferred, sold, pledged, assigned or otherwise disposed of or permitted to become subject to a security interest or lien until further order of the court.” (CPLR 7103, subd [c], par 2.) Additionally, in order to ensure that the chattel will not substantially diminish in value, plaintiff would also be entitled to a trial preference (CPLR 3403, subd [a], par 3; 22 NYCRR 1024.9).
Plaintiff’s application is denied.