OPINION OF THE COURT
Eli Wager, J.
In this action to determine the right to possession of a chattel which was purchased by defendants from plaintiff’s assignor pursuant to a retail installment contract and in which plaintiff has a security interest, the plaintiff has applied for an order pursuant to CPLR 7102 directing the Sheriff or marshal to take immediate possession of the *526 chattel, a 1981 diesel-powered Cadillac Seville. Pursuant to the contract which was executed on December 24, 1980, the defendants agreed that the vehicle could be repossessed if they failed to make payments when due. It is conceded that no payments have been made since August 22, 1982. The contract also contains a clause providing that any holder of the contract shall be subject to all claims and defenses which the debtor could assert against the seller.
The defendants’ opposition to the plaintiff’s seizure application (and the focus of their third-party action against the plaintiff’s assignor [the dealer] and others and their counterclaim against the plaintiff) is premised on an alleged ambiguity in the contract and upon the contention that they were fraudulently induced by the dealer to enter into the contract in December of 1980 and that the plaintiff and its assignor breached express and implied warranties. Defendants conclude that they are entitled to rescind the contract and to recover the full consideration paid for the vehicle and damages.
Defendants assert that they tendered the vehicle to the dealer on September 14, 1982 but retained possession when the dealer refused to refund the consideration paid. The plaintiff points out, however, that defendants do not assert that they also tendered the transfer stub (evidence of title) and concludes that the defendants’ aim is to retain possession pendente lite, even though they have made no payments for four months prior to the commencement of this action and have made none since and in spite of the fact that the relief sought by defendants in their counterclaim is rescission and damages.
Although a failure to tender a restoration of benefits before judgment is not fatal to defendants’ demand for rescission and such restoration may be made a condition of the judgment (CPLR 3004; D’Angelo v Hastings Oldsmobile, 89 AD2d 785), it appears that plaintiff has countervailing rights. Pursuant to section 9-503 of the Uniform Commercial Code, plaintiff could have taken possession of the vehicle as a secured creditor upon defendants’ default without even affording defendants a preseizure hearing (see, e.g., Crouse v First Trust Union Bank, 86 AD2d 978). Although the rights secured by section 9-503 exist inde *527 pendently of any contract provision (MGD Graphic Systems v New York Press Pub. Co., 52 AD2d 815, affd 42 NY2d 1018), it appears that the self-help permitted by the section is the right established in the instant contract since the contract provision does not require a court order and provides for a public or private sale if the debtor fails to redeem. The contract provision might also be construed as providing for voluntary relinquishment of possession in the event of nonpayment in which event an application for an order of seizure would be correct (General Elec. Credit Corp. v Marcella’s Appliances Sales & Servs., 66 AD2d 927).
Pursuant to CPLR 7102 (subd [d]) plaintiff has a right to prejudgment seizure if it can establish that “it is probable” that it will succeed on the merits, i.e., that it has, prima facie, a superior right to the chattel (Staff v Hemingway, 47 AD2d 709), or whether defendants have asserted a defense which would bar plaintiff from obtaining what would ordinarily be a pro forma application (Scutti Pontiac v Rund, 92 Misc 2d 881).
The defendants’ assertion that the contract is unenforceable for ambiguity is without merit. In the first place, plaintiff has not repossessed the vehicle without court order pursuant to the contract provision permitting such action and, thus, whether or not that provision is in conflict with the clause providing that an assignee shall be subject to the defenses the defendants could assert against the seller, as asserted by the defendant, is irrelevant. Furthermore, defendants would have the right to assert such defenses pursuant to subdivision 9 of section 302 of the Personal Property Law even if the contract did not so provide. Defendants are a law firm which must be credited with knowledge of the law. In this regard, defendants ignore the rules of construction which provide that contract provisions are not to be construed out of context and in isolation (Tougher Heating & Plumbing Co. v State of New York, 73 AD2d 732), that an interpretation which will leave a provision without force and effect is to be avoided (Corhill Corp. v S. D. Plants, Inc., 9 NY2d 595), and that a construction should be adopted which will sustain the *528 contract rather than defeat it (Board of Educ. v Port Jefferson Sta. Teachers Assn., 88 Misc 2d 27).
A claim of fraud in the inducement can in some circumstances defeat a replevin motion (Scutti Pontiac v Rund, supra; cf. Schaefer Corp. v Electronic Data Systems Corp., 430 F Supp 988). However, the claim by defendants (to the effect that the dealer assured them that “the diesel engine was of superior quality to the gasoline engine the defendants preferred,” knowing, prior to December, 1980, that the “diesel type model” was defective) does not appear to state a cause of action not embraced in the cause of action for breach of warranty (see, e.g., L. Fatato, Inc. v Decrescente Distr. Co., 86 AD2d 600; see Uniform Commercial Code, § 2-313). Furthermore, although defendants concede that they were aware of the alleged defects immediately after taking possession of the vehicle in December of 1980, they did not announce their intention to rescind until September, 1982. An election to rescind a contract which has been induced by fraud has to be made promptly (Big Top Stores v Ardsley Toy Shoppe, 64 Misc 2d 894, affd 36 AD2d 582). Similarly, to the extent that defendants may be deemed to seek revocation of their acceptance of the Cadillac pursuant to the Uniform Commercial Code, notification of such revocation must be given within a “reasonable” time (Uniform Commercial Code, § 2-608). Thus, fact issues exist with respect to defendants’ right to either rescission or revocation.
There appears to be no question respecting defendants’ timely notice to the seller of the alleged breach of warranties and thus the defendants’ acceptance does not impair their right to a remedy for such breach (see Uniform Commercial Code, § 2-607, subds [2], [3], par [a]). However, the section provides (subd [1]) — without qualification — that the “buyer must pay at the contract rate for any goods accepted”. Furthermore, defendants assert in each of the six counterclaims in their answer and in each of the six causes of action alleged in their third-party action the right to rescission and return of the consideration paid. They also seek to recover the cost and expenses incurred by reason of the third-party defendants’ failure to correct the defects within a reasonable time. They do not appear to *529 seek permanent possession plus damages for breach in regard to accepted goods as provided for in the code; i.e., the difference between the value of the chattel accepted and the value it would have had if it had been as warranted (Uniform Commercial Code, § 2-714, subd [2]).
Since defendants have not clearly established their right to rescission or revocation and have ceased paying at the contract rate, plaintiff has established, prima facie, a superior possessory right for the purposes of its CPLR 7102 application (see Staff v Hemingway, supra). Plaintiff proposes to furnish an undertaking over twice the value of the vehicle (CPLR 7102, subd [e]), and it appears, on balance, that its application should be granted.