**DUBIED MACHINERY COMPANY, Plaintiff,**

v.

**VERMONT KNITTING CO., INC., Defendant.**

**No. 85 Civ. 8610 (PKL).**

United States District Court, S.D. New York.

June 12, 1990.

Warshaw Burstein Cohen Schlesinger & Kuh, New York City (Martin R. Lee, Jeffrey H. Weinberger, of counsel), for plaintiff.

Lisman & Lisman, Burlington, Vt., (E. William Leckerling, of counsel), Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, Pa. (Alan M. Lerner, of counsel), Hall, Dickler, Lewler, Kent and Friedman, New York City (Leonard Wagman, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge.

This is an action for breach of a sales contract and for replevin, with jurisdiction of this Court based on diversity of citizenship. Defendant has counterclaimed, alleging breach of warranty, and other counterclaims. Plaintiff has now moved for judgment on the pleadings on the first, third, sixth, and ninth causes of action pursuant to Fed.R.Civ.P. 12(c), or, in the alternative, for summary judgment on those causes of action pursuant to Fed.R.Civ.P. 56.

## BACKGROUND

Plaintiff Dubied Machinery Company, Inc. ("Dubied") is a New York corporation which is in the business of selling and servicing commercial knitting equipment, including the computers and software necessary to operate such equipment. Defendant Vermont Knitting Company ("VKC") was a Vermont corporation that was in the

business of manufacturing sweaters and other knitted garments.

In or about September 1984, Norton Davis ("Davis"), president of VKC, contacted Dubied regarding the possible purchase of knitting machinery by VKC. Two days after that conversation, Davis and his wife met with Robert Schneider, the president of Dubied. During this meeting, Schneider showed Davis and his wife four knitting mills in the New York City area that used Dubied knitting equipment. About a month after the tour of the mills, VKC ordered two Jet–3 knitting machines (the "Jet–3 machines") and one Jet–3F knitting machine from Dubied, as well as a computer and software to run the knitting machines. *See* Affidavit of Martin R. Lee, Esq., sworn to on March 15, 1990, Exh. 1.

Two of the Jet–3 machines were delivered to VKC in late May, 1985, some months after their original order date. The computer and software were delivered in August 1985. Plaintiff's Statement of Undisputed Facts, ¶ 7. While VKC was awaiting delivery of the Jet–3 machines, Dubied loaned a used Jet–2 knitting machine (the "Jet–2 machine") to VKC to allow VKC to continue production while it awaited the Jet–3 machines. It appears that the Jet–3F knitting machine was never delivered.[1] Also, from April to September 1985, Dubied supplied VKC with goods and services related to the operation and maintenance of knitting equipment. None of the equipment or services have been paid for, except for nominal downpayments.

Defendant asserts that none of the Dubied equipment it received ever worked properly, and thus prevented defendant from operating its business in an efficient fashion. In particular, defendants claim that the Jet–3 machines were improperly installed, required constant maintenance and failed to operate consistently. Defendant further asserts that the Jet–2 machine was in poor condition when delivered and required substantial modification before it became useful to the company.

The instant action was filed on October 31, 1985. In late November 1987, defendant filed for protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The bankruptcy litigation has been converted to a liquidation under Chapter 7 of the Bankruptcy Code, and remains pending in the District of Vermont. The bankruptcy court issued an order granting relief to the present parties from an automatic stay of litigation so that they might pursue their claims and counterclaims in this Court. By order dated February 21, 1989, this Court denied defendant's motion to transfer this action to the United States District Court for the District of Vermont. Subsequently, plaintiff filed the instant motion.[2]

## DISCUSSION

Plaintiff has moved for judgment on the pleadings, or, in the alternative, for summary judgment. A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) must be decided solely on the pleadings before the Court, plus any materials implicitly or explicitly incorporated by reference into those pleadings. *See Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985). A party is entitled to judgment on the pleadings under Rule 12(c) "only if it has established 'that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'" *Juster Associates v. Rutland,* 901 F.2d 266, 269 (2d Cir.1990), *quoting* 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1368, at 690 (1969). Where the Court is confronted with matters outside of

---

1. It is not clear from the record what became of the Jet–3F machine ordered by VKC.

2. During the submission period of this motion, defendant was represented by the firm of Lisman & Lisman, which filed opposition papers to plaintiff's motion only after a substantial delay. Subsequent to the submission of the motion, defendant relieved Lisman & Lisman as its counsel and retained the firm of Cohen, Shapi-ro, Polisher, Shiekman and Cohen. Upon formally appearing in the case, defendant's new counsel requested permission to reopen the record on this motion. By order dated January 31, 1990, the Court allowed a limited reopening of the record. Plaintiff's responding papers to the new material submitted by defendant were filed on March 15, 1990.

the pleadings that it wishes to consider, it should treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir.1990); *National Association of Pharmaceutical Mfrs., Inc. v. Ayerst Laboratories*, 850 F.2d 904, 911 (2d Cir.1988).

■ Fed.R.Civ.P. 12(c) requires that when a court decided to treat a motion to dismiss as one for summary judgment, "all parties shall be given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." Rule 12(c). *See Ayerst, supra; Villante v. Department of Corrections*, 786 F.2d 516, 521 (2d Cir.1986). In the instant case, defendant was on notice that the Court might choose to consider the instant motion as one for summary judgment, as plaintiff framed its motion as one for both judgment on the pleadings and for summary judgment. Further, the material submitted by defendant's current counsel was of the type relevant only to a motion for summary judgment. Given the volume and relevance of the non-pleading material submitted in conjunction with this motion, the Court chooses to consider the instant motion as one for summary judgment.

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." " 'Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party.' " *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 10 (2d Cir.1989), (*quoting Murray v. National Broadcasting Co.*, 844 F.2d 988, 993 (2d Cir.), *cert. denied*, 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988)).

The substantive law governing the case will identify those facts which are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.... While the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are crucial and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there does indeed exist a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511; *see also R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d 102, 107 (2d Cir.), *cert. denied sub nom. Thomas J. Lipton, Inc. v. R.C. Bigelow, Inc.*, — U.S. —, 110 S.Ct. 64, 107 L.Ed.2d 31 (1989). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying which materials it believes "demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989). "[T]he burden on the moving party may be discharged by 'showing' —that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra*, 477 U.S. at 325, 106 S.Ct. at 2554.

Indeed, once a motion for summary judgment is properly made, the burden then shifts to the nonmoving party, which "must set forth facts showing that there is a genuine issue for trial." *Anderson, supra*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

### A) Goods Sold and Delivered

The Court is faced with a complex civil procedure problem by defendant's pleading

in response to plaintiff's claims, and by defendant's less than thorough response to the instant motion. Defendant has filed, and plaintiff has answered, extensive counterclaims alleging, *inter alia*, breach of warranty and fraudulent misrepresentation on the part of plaintiff in relation to the Jet–3 machines. Defendant has failed to plead explicitly any affirmative defenses to plaintiff's claims. Fed.R.Civ.P. 8(c) requires that affirmative defenses be pled in the answer to the complaint, or they are deemed waived. *See* Fed.R.Civ.P. 8(c); *United States on behalf of Maritime Admin. v. Continental Illinois Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1253 (2d Cir. 1989); *Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 955 (2d Cir.1988).

 However, in the spirit of the liberal pleading requirements of the Federal Rules of Civil Procedure, Rule 8(c) states, "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the Court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." The purpose of this portion of the Rule "is to allow a court to ignore improper designations in order to interpret a pleading in accordance with its true character." *Bozsi Limited Partnership v. Lynott*, 676 F.Supp. 505, 516 (S.D.N.Y.1987). *See also Morris v. Homco International, Inc.*, 853 F.2d 337, 342 (5th Cir.1988) ("The purpose of Rule 8(c) ... is to inform the court and the parties how the case will be tried."). "The misdesignation provision in Rule 8(c) reflects the conscious attempt by the draftsmen to ignore pleading technicalities; it also promotes the liberality with which courts generally construe pleadings under the federal rules." 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1275 at 326 (1969).

In the instant case, defendant's counterclaims include allegations that could be pled as affirmative defenses or as counterclaims. In particular, defendant's allegations of fraudulent misrepresentation and breach of warranty could act as affirmative defenses to plaintiff's contract claims for goods sold and delivered. Indeed, defendant in its papers in opposition to plaintiff's instant motion have indicated that its counterclaims should also be read as affirmative defenses. *See* Defendant's Memorandum of Law at 2. The Court finds that, pursuant to Rule 8(c), such a reading of defendant's counterclaims is appropriate. Plaintiff has been on notice since the filing of the original answer and counterclaims of defendant's allegations. It is just such a provision of notice that is the goal of Rule 8(c). Where a plaintiff has been made aware of the defendant's theory of the case, as plaintiff was here, it would be counter to the language and spirit of Rule 8(c) to fail to recognize an affirmative defense simply because it was labeled solely as a counterclaim.[3]

 In light of the defenses to plaintiff's contract claims for goods sold and delivered pled in the form of a counterclaim, the Court finds that there are genuine issues of material fact going to the merits of plaintiff's claims. In particular, there is evidence, in the form of the affidavit of Norton Davis that officials of Dubied made false representations regarding the performance of the Jet–3 machines. Affidavit of Norton Davis, sworn to on November 29, 1989 ("Davis Aff."), ¶¶ 5, 18. Further, there are factual issues regarding the performance of the Jet–3 machines actually delivered to VKC. Davis Aff., ¶ 19, Exh. A.

Plaintiff urges the Court to enter summary judgment on its contract claims on the basis that the goods were delivered and accepted, and that evidence of the delivery and of an agreed-upon price has been placed before the Court. Plaintiff correctly points out that defendant has not challenged plaintiff's assertions of delivery, acceptance and price. Plaintiff cites a number of cases for the proposition that where a party has shown that goods were actually sold and delivered, summary judgment

---

**3.** It is permissible to label a response to a plaintiff's cause of action as both an affirmative defense and as a counterclaim.

should be granted for that party, even in the face of a claim for set-off by the opposing party. *See Delta Tanning Corp. v. Samber Leather Fashions, Ltd.*, 654 F.Supp. 1285 (S.D.N.Y.1987); *T.S.I. 27, Inc. v. Berman Enterprises, Inc.*, 115 F.R.D. 252 (S.D.N.Y.1987); *Electro–Catheter Corp. v. Surgical Specialties Instrument Co.*, 587 F.Supp. 1446 (D.N.J.1984). However, in none of the cases cited was the Court faced with an affirmative defense going to the viability of the contract relationship or to the satisfactory nature of the goods. Thus these cases are not controlling in the instant motion. The Court finds that there are genuine issues of material fact as to the first, third and sixth causes of action.

*B) Replevin*

Plaintiff's ninth cause of action is for replevin [4] of the Jet–2 machine which was lent to VKC and has never been returned.[5] To establish a cause of action under CPLR Article 71, plaintiff "must show that [it] has an immediate and superior right to possession of the [goods]." *De Weerth v. Baldinger*, 658 F.Supp. 688 (S.D.N.Y.), *rev'd on other grounds*, 836 F.2d 103 (2d Cir.1987), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2823, 100 L.Ed.2d 924 (1988). Indeed, in a replevin action, " 'the issue is strictly whether plaintiff or defendant has the superior possessory right.' " *Wurdeman v. Miller*, 633 F.Supp. 20, 22 (S.D.N.Y.1986), *citing Honeywell Information Systems, Inc. v. Demographic Systems, Inc.*, 396 F.Supp. 273, 275 (S.D.N.Y.1975).

In the instant case, the Jet–2 machine was indisputably loaned to VKC solely for the purpose of providing VKC some manufacturing capacity while awaiting the late delivery of the Jet–3 machines. Title in the Jet–2 machine has remained in Dubied during the entire time the machine has been in the possession of VKC. Indeed, VKC does not claim any title or right to the Jet–2 machine, except as security for satisfaction of its counterclaims against Dubied.[6] VKC's would certainly have a valid security interest in the Jet–2 machine if one or more of its counterclaims related to that machine. However, all of the counterclaims relate solely to the Jet–3 machines. The Jet–2 machine is never mentioned in the counterclaims.

"[T]here are defenses which, if asserted in good faith, will defeat [ ] an application [for replevin] pending trial." *Scutti Pontiac, Inc. v. Rund*, 92 Misc.2d 881, 884, 402 N.Y.S.2d 144, 147 (Sup.Ct.1978). Indeed, a defendant in a replevin action is "entitled to present any good faith defense ... that it has a superior possessory right to the [goods at issue]." *F. & M. Schaefer Corp. v. Electronic Data Systems Corp.*, 430 F.Supp. 988 (S.D.N.Y.1977), *aff'd without opinion*, 614 F.2d 1286 (2d Cir.1979). However, "the mere assertion of a defense or counterclaim will not defeat the right to an order of seizure." *Scutti Pontiac, supra*, 402 N.Y.S.2d at 147. While there is a paucity of caselaw on what defenses are effective against replevin action, "[a] claim of fraud in the inducement can in some circumstances defeat a replevin motion." *General Motors Acceptance Corp. v. Berg and Duffy*, 118 Misc.2d 525, 527, 460 N.Y.S.2d 899, 901 (Sup.Ct. Nassau Co.1983).

However, VKC's only defenses and counterclaims in this action relate to the Jet–3 machines, not to the Jet–2 machine. While those counterclaims might act as a defense to a replevin action against the Jet–3 machines delivered to VKC, they cannot act as a defense to the action related to the Jet–2 machines. The factual

---

**4.** The common law remedy of replevin is now controlled by N.Y.Civ.Prac.L. & R. ("CPLR") Article 71.

**5.** It appears that the Jet–2 machine at issue has been removed by the bankruptcy trustee for VKC from defendant's Vermont facility and has been placed in storage in South Carolina. *See* Affidavit of Douglas J. Wolinsky, sworn to on August 3, 1989, ¶ 2.

**6.** On June 7, 1989, the bankruptcy trustee for VKC filed a Notice of Intent to Abandon Property regarding the Jet–2 machine. The abandonment was opposed by Dubied and by Davis, and thus the abandonment was apparently not completed. The status of the abandonment proceeding has no impact upon the outcome of the instant motion.

questions raised by defendant's counterclaims do not affect its obligation to return the Jet–2 machine. A party cannot simply seize another's property and defend against an action to recover that property on the grounds that it is security for other claims that party has against the owner. *Cf. Centurion Reinsurance Co. v. Singer,* 810 F.2d 140, 145 (7th Cir.1987). Even if VKC had pled in its counterclaims that the Jet–2 machine failed to perform properly, it would not be a sufficient defense to the instant replevin action. "[E]ven taking defendants' allegations of poor equipment performance as true, defendant fails to state a valid defense to a replevin action where, as here, performance was not a condition [on the loan of the Jet–2 machine]." *Honeywell Information Systems, Inc. v. Demographic Systems, Inc.,* 396 F.Supp. 273, 275 (S.D.N.Y.1975). Defendant's alleged security interest in the Jet–2 machine due to its counterclaims regarding the Jet–3 machines is not sufficient to defeat plaintiff's replevin action. Accordingly, plaintiff's motion for summary judgment on its ninth cause of action is granted.

■ It is not clear from plaintiff's pleading under what section of CPLR Article 71 plaintiff is proceeding in its effort to regain possession of the Jet–2 machine. CPLR 7101 provides a remedy for determining right to possession, but does not automatically provide for seizure of the goods at issue. *See* McLaughlin, *Practice Commentaries,* McKinney's Cons. Laws of N.Y., Book 7B, CPLR C7101:1 *et seq.* An explicit action for seizure must be brought to obtain an order requiring that the sheriff seize the goods in question. In the instant case, plaintiff has requested only that the Court adjudge it as the owner of the Jet–2 machine and entitled to immediate possession thereof, and that Dubied either be allowed to take possession of the machine or have it delivered to it. If delivery is not possible, plaintiff demands that the value of the machine be awarded as damages. Second Amended Complaint, ¶ 62I. Plaintiff's request for recovery is within the scope of Article 71. The Court finds that plaintiff is the owner of the Jet–2, and is entitled to possession thereof.

## CONCLUSION

Plaintiff's motion for summary judgment on the first, third, and sixth causes of action is denied. Plaintiff's motion for summary judgment on the ninth cause of action is granted.

Plaintiff shall contact the Court within twenty (20) days of this order to set a time convenient to the parties and the Court for a pre-trial conference in this matter.

SO ORDERED.